800 P.2d 975

**Fred and Laura STEINIGER,**
**Appellants,**

v.

**Cary MARMIS, Appellee.**

**No. 2 CA–CV 89–0277.**

Court of Appeals of Arizona,
Division 1, Department B.

March 29, 1990.

Reconsideration Granted May 2, 1990.

Review Denied Nov. 27, 1990.*

Harrison, Rollman & Gabroy by Richard M. Rollman, Tucson, for appellants.

---

* Feldman, V.C.J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Miller, Pitt & McAnally by Gerald Maltz and Eugene N. Goldsmith, Tucson, for appellee.

## OPINION

LIVERMORE, Presiding Judge.

Appellant Fred Steiniger, appellee Cary Marmis, and a third person were partners in various land development ventures. By contract each had the right to purchase life insurance on the life of other partners. Steiniger did so on the life of Marmis. On August 3, 1987, the partners terminated the partnership, each receiving a portion of the partnership assets and each agreeing to indemnify the others for any liabilities arising from the assets now individually owned (each of the partners was individually liable on loans made to the partitioned entities). Over objection Steiniger continued to maintain his insurance policy on the life of Marmis. The sole issue in this appeal is whether he had an insurable interest. The trial court found that he did not and ordered him to cancel the policy. We disagree and reverse.

Under A.R.S. § 20–1104(C)(2), one has an insurable interest in the life of an unrelated person if he has "a lawful and substantial economic interest in having the life ... of the individual insured continue, as distinguished from an interest which would arise only by, or would be enhanced in value by, the death ... of the individual insured." Although this provision has not been construed by the Arizona courts, there is nothing to suggest that it was not meant to embrace the common law definition of insurable interest. As stated in 3 *Couch on Insurance 2d* § 24:120, at 208–209 (Rev. ed. 1984):

> A person has an insurable interest in the life of another if he can reasonably expect to receive pecuniary gain from the continued life of the other person and conversely, if he would suffer financial

loss from the latter's death, regardless of whether such expectation is based upon the status of a contracting party as a creditor of, or surety for, the insured.... The interest, to be insurable, must be one in favor of the continuance of life, and not an interest in its loss or destruction.

See also 2 Appleman, *Insurance Law & Practice* § 762 (Rev. ed. 1966).

On the facts of this case there is an insurable interest because Marmis may become liable to indemnify Steiniger if Steiniger is required to pay debts contractually owed by him on property assigned to Marmis as part of the partnership termination. *Couch, supra,* § 24:158 at 259; *Maderios v. Savino,* 418 A.2d 839 (R.I.1980). That the liability is contingent on the failure of Marmis to pay those debts and that Marmis presently has sufficient assets to provide the required indemnification is immaterial. *Couch, supra,* § 24:156 at 256. Steiniger has an interest that Marmis survive so as to discharge his liabilities under the partnership termination agreement and thus eliminate Steiniger's exposure to liability. That interest is insurable.[1]

Reversed.

FERNANDEZ, C.J., and LACAGNINA, J., concur.

---

1. Marmis seeks to avoid this result by contending that the insured must consent to insurance on his own life. We believe that so long as an insurable interest exists consent is not required. *North River Ins. Co. v. Fisher,* 481 S.W.2d 443 (Tex.Civ.App.1972). In a state where courts routinely require parties in dissolution proceedings to procure life insurance to guarantee performance of obligations under the decree, it cannot be public policy to require consent from the insured. Further, when the policy was acquired in this case there was consent. That it was later withdrawn does not affect the validity of the policy.