## ZURICH LIFE INSURANCE COMPANY OF AMERICA, Plaintiff–Appellee,

v.

## ZOO STAGE, INC., an Arizona corporation, Defendant–Appellant,

and

## Pilar Mercado, individually and as personal representative for the Estate of Blas Mercado, Defendant.

No. 04–16307.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2006.

Filed June 21, 2006.

Robert G. Schaffer, Esq., Gregory S. Como, Esq., Lewis & Roca, LLP, Phoenix, AZ, for Plaintiff–Appellee.

Craig R. Carlson, Esq., Porter, Wright, Morris & Arthur, Columbus, OH, Leo M. Spellacy, Jr., Esq., Cleveland, OH, Armand Salese, Esq., Law Offices of Armand Salese, PLLC, Tucson, AZ, for Defendant–Appellant.

Rubin Slater, Jr., Esq., Tucson, AZ, for Defendant.

Before: RYMER and WARDLAW, Circuit Judges, and WARE,* District Judge.

### MEMORANDUM **

Zoo Stage, Inc., the policy owner and named beneficiary of an insurance policy on the life of Blas Mercado, appeals the District Court's grant of summary judgment to Zurich Life Insurance Company, the issuer of the policy. The district court held that the insurance policy was void because Zoo Stage lacked an insurable interest in Mercado's life. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### A. Burden of Proving Insurable Interest

Contracts are generally entitled to a presumption of validity, and thus the party seeking to invalidate the contract bears the burden of proving invalidity as an affirmative defense. *See* 29 Am.Jur.2d Evidence § 159 (1994). However, under Arizona law, the insured or beneficiary bears the burden of proving coverage under an insurance policy. *Keggi v. Northbrook Prop. & Cas. Ins. Co.*, 199 Ariz. 43, 13 P.3d 785, 788 (2000). Furthermore, the statutory requirement that any person procuring

---

* The Honorable James Ware, United States, District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

an insurance policy have "an insurable interest in the individual insured" at the time the contract was made, A.R.S. § 20–1104(A), and the common law public interest in requiring insurable interest in order to prevent wagering contracts, *see Steiniger v. Marmis,* 166 Ariz. 109, 800 P.2d 975, 976 (1990), support placing the burden of proving insurable interest on the party asserting coverage under the insurance policy.

### B.  Presence of Insurable Interest

In order to survive summary judgment, Zoo Stage had to raise a genuine issue of material fact that it had "a lawful and substantial economic interest in having the life, health or bodily safety of the individual insured continue, as distinguished from an interest which would arise only by, or would be enhanced in value by, the death, disablement or injury of the individual insured."  A.R.S.  § 20–1104(C)(2).  Zoo Stage presented no evidence which would support an insurable interest in the life of Mercado.  Zoo Stage's evidence of a relationship between Zoo Stage principal Robert J. Rumsey and Mercado, or between Rumsey and another corporation formed with Mercado, does not support a finding that Zoo Stage itself had "a lawful and substantial interest" in Mercado's life.

### C.  Estoppel

Based on the facts of this case, particularly Zoo Stage's equivocal representations in the policy application, Zurich is not estopped from asserting Zoo Stage's lack of an insurable interest in Mercado.

AFFIRMED.